UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RANDY SWINSON,

      Plaintiff,

-against-

CITY OF NEW YORK, et al.,

      Defendants.

20-CV-1788 (CM)

ORDER DIRECTING ORIGINAL SIGNATURE, PAYMENT OF FEE OR AMENDED IFP APPLICATION, AND PRISONER AUTHORIZATION

COLLEEN McMAHON, Chief United States District Judge:

  Plaintiff, currently incarcerated in the Manhattan Detention Center, brings this action *pro se*. For the reasons discussed below, within thirty days of the date of this order, Plaintiff must resubmit the signature page of the complaint and the two-page application for the Court to request counsel with original signatures, and either pay the $400.00 in filing fees that are required to file a civil action in this Court or submit a signed amended *in forma pauperis* (IFP) application and a prisoner authorization.

## DISCUSSION

**A. Original Signature on Complaint and Application for the Court to Request Counsel**

  Plaintiff submitted the complaint and the two-page application for the Court to request counsel without signatures. Rule 11(a) of the Federal Rules of Civil Procedure provides that "[e]very pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name – or by a party personally if the party is unrepresented." Fed. R. Civ. P. 11(a); *see* Local Civil Rule 11.1(a). The Supreme Court has interpreted Rule 11(a) to require "as it did in John Hancock's day, a name handwritten (or a mark handplaced)." *Becker v. Montgomery*, 532 U.S. 757, 764 (2001).

Plaintiff is directed to, within thirty days, resubmit the signature page of the complaint and the two-page application for the Court to request counsel with original signatures. Copies of the documents are attached to this order for Plaintiff's convenience.

**B.     Filing Fees or Amended IFP Application and Prisoner Authorization**

To proceed with a civil action in this Court, a prisoner must either pay $400.00 in fees – a $350.00 filing fee plus a $50.00 administrative fee – or, to request authorization to proceed IFP, that is, without prepayment of fees, submit a signed IFP application and a prisoner authorization. *See* 28 U.S.C. §§ 1914, 1915. If the Court grants a prisoner's IFP application, the Prison Litigation Reform Act requires the Court to collect the $350.00 filing fee in installments deducted from the prisoner's account. *See* 28 U.S.C. § 1915(b)(1). A prisoner seeking to proceed in this Court without prepayment of fees must therefore authorize the Court to withdraw these payments from his account by filing a "prisoner authorization," which directs the facility where the prisoner is incarcerated to deduct the $350.00 filing fee[1] from the prisoner's account in installments and to send to the Court certified copies of the prisoner's account statements for the past six months. *See* 28 U.S.C. § 1915(a)(2), (b).

Plaintiff submitted the complaint without the filing fees or a completed IFP application and prisoner authorization.[2] Within thirty days of the date of this order, Plaintiff must either pay the $400.00 in fees or submit the attached amended IFP application and prisoner authorization. If

---

[1] The $50.00 administrative fee for filing a civil action does not apply to persons granted IFP status under 28 U.S.C. § 1915.

[2] Plaintiff submitted a blank IFP application and he did not submit a prisoner authorization.

Plaintiff submits the amended IFP application and prisoner authorization, they should be labeled with docket number 20-CV-1788 (CM).[3]

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. No summons shall issue at this time.

Within thirty days of the date of this order, the Court directs Plaintiff to: (1) resubmit the signature page of the complaint and the two-page application for the Court to request counsel with original signatures; and (2) either pay the $400.00 in filing fees that are required to file a civil action in this Court or submit an amended IFP application and a prisoner authorization.

If Plaintiff complies with this order, the case shall be processed in accordance with the procedures of the Clerk's Office. If Plaintiff fails to comply with this order within the time allowed, the action will be dismissed.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that appellant demonstrates good faith when seeking review of a nonfrivolous issue).

SO ORDERED.

Dated:  March 3, 2020
        New York, New York

COLLEEN McMAHON
Chief United States District Judge

---

[3] Plaintiff is cautioned that if a prisoner files an action that is dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, the dismissal is a "strike" under 28 U.S.C. § 1915(g). A prisoner who receives three "strikes" cannot file actions IFP as a prisoner, unless he is under imminent danger of serious physical injury and he must pay the filing fee at the time of filing any new action.

3